IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

GEORGE "SKY DANCER" PRESLEY, )
#158 155, )
    Plaintiff, )
     )
    v. ) CIVIL ACTION NO.: 2:13-CV-612-MHT
     ) [WO]
LT. LATONYA SCOTT, *et al.*, )
     )
    Defendants. )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff files this 42 U.S.C. § 1983 complaint alleging that rights, privileges, or immunities afforded him under the Constitution or laws of the United States were abridged by the named Defendants in June and July 2013 with regard to matters which occurred at the St. Clair Correctional Facility located in Springville, Alabama. Plaintiff is currently incarcerated at the St. Clair Correctional Facility. This facility is located within the jurisdiction of the United States District Court for the Northern District of Alabama.

Upon review of the factual allegations presented in the complaint, the court concludes that this case should be transferred to the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. § 1404.[1]

---

[1] Plaintiff requests leave to proceed in this matter *in forma pauperis*. (*Doc. No. 2*.) This court makes no ruling on Plaintiff's motion for leave to proceed *in forma pauperis* as the assessment and collection of any filing fee should be undertaken by the United States District Court for the Northern District of Alabama.

## I. DISCUSSION

A civil action filed by an inmate under authority of 42 U.S.C. § 1983 "may be brought . . . in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). The law further provides that "[f]or the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought." 28 U.S.C. § 1404(a).

It is clear from Plaintiff's recitation of the facts that the actions challenged in the instant proceeding and about which he has personal knowledge occurred and/or are occurring at a prison located in the Northern District of Alabama, a facility in which Plaintiff is currently incarcerated. Moreover, those individuals personally involved in the matters made the subject of the instant action are employed at an institution outside the jurisdiction of this court. Although Defendants Thomas and Bentley reside in the Middle District of Alabama, they are subject to service of process throughout the state and commonly defends suits in all federal courts of this state. Thus, the majority of material witnesses and evidence associated with those claims relevant to Plaintiff's allegations with regard to events which occurred or are occurring at the St. Clair Correctional Facility are located in the Northern District of Alabama.

In light of the foregoing, the court concludes that in the interest of justice and for the convenience of the parties this case should be transferred to the United States District Court for the Northern District of Alabama for review and determination.

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 1404.

It is further

ORDERED that on or before **September 27, 2013** Plaintiff may file an objection to the Recommendation.  Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d

<pre>                                                                                          </pre>
<pre>                                                                                          </pre>
<pre>                                                                                          </pre>
<pre>                                                                                          </pre>
<pre>                                                                                          </pre>

<pre>                                                                                          </pre>

<pre>                                                                                          </pre>

<pre>                                                                                          </pre>

<pre>                                                                                          </pre>

<pre>                                                                                          </pre>

<pre>                                                                                          </pre>

<pre>                                                                                          </pre>

<pre>                                                                                          </pre>

<pre>                                                                                          </pre>

<pre>                                                                                          </pre>

<pre>                                                                                          </pre>

<pre>                                                                                          </pre>

<pre>                                                                                          </pre>

<pre>                                                                                          </pre>

<pre>                                                                                          </pre>

<pre>                                                                                          </pre>

<pre>                                                                                          </pre>

<pre>                                                                                          </pre>

<pre>                                                                                          </pre>

<pre>                                                                                          </pre>

<pre>                                                                                          </pre>

<pre>                                                                                          </pre>

<pre>                                                                                          </pre>

<pre>                                                                                          </pre>

<pre>                                                                                          </pre>

<pre>                                                                                          </pre>


33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 13th day of September, 2013.

        /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE